IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00230-CR

 

Ramsis R. Maddison,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 194th District Court

Dallas County, Texas

Trial Court # F02-43288

 



MEMORANDUM 
Opinion



 

Ramsis R. Maddison was charged by
indictment with aggravated sexual assault of a child under fourteen.  Tex.
Pen. Code Ann. § 22.021(a)(B)(iii) (Vernon Supp. 2004-05).[1]  Maddison pled guilty, and the judge assessed
punishment at forty years in prison. 
Maddison appeals in two issues: (1) error in admitting the video taped
confession without the prosecutors’ having provided the tape to the defense
twenty days prior to the plea hearing; and (2) error in conducting a portion of
the trial without the presence of the defendant.  We will overrule both issues and affirm the
judgment.

ISSUE
ONE: VIDEOTAPED CONFESSION

Maddison argues that the State
should have provided him with the videotape at least twenty days prior to the
plea hearing and sentencing hearing.  The
State argues that this issue is not preserved for argument on appeal.

The following dialogue occurred at
the sentencing hearing:

MR. CORRIGAN [for the State]: To begin with,
Judge, we’ll offer State’s Exhibit Number 1, the videotape of the confession of
the defendant, which I showed to counsel yesterday.

THE COURT: Any objection?

MR. PHILLIPS [defense counsel]: No, Your Honor.

THE COURT: State’s Exhibit 1 is admitted into
evidence.  How long does this take?

 

Therefore, it is clear from the record that
defense counsel did not object to the admission of the videotaped confession.

Once evidence is admitted without
objection, such evidence enjoys a status equal to that of all other admissible
evidence.  Marin v. State, 851 S.W.2d 275, 278-79 (Tex. Crim. App. 1993), overruled on other grounds by Cain v. State,
947 S.W.2d 262, 264 (Tex. Crim. App. 1997). 
Accordingly, we find that Maddison did not preserve a complaint relating
to failing to provide the videotape to him twenty days in advance.  See
Tex. R. App. P. 33.1; Marin, 851 S.W.2d at 278-79.  We overrule issue one.




ISSUE
TWO: RIGHT OF CONFRONTATION

Maddison argues that the trial
court’s viewing of his videotaped confession alone in chambers violated his
right to be present during his trial (right of confrontation).  The State also argues that this issue is not
preserved for argument on appeal.

The dialogue at the sentencing
hearing continued:

THE COURT: State’s Exhibit 1 is admitted into
evidence.  How long does this take?

MR. CORRIGAN [for the State]: About 35 to 40
minutes.

THE COURT: I’m not going to watch it in here.

MR. CORRIGAN: Do you just want to watch it in
chambers?

THE COURT: Yes.

MR. CORRIGAN: I will take it back.

THE COURT: Anything else?

MR. CORRIGAN: Yes, Judge.  So do all the witnesses, and you’ll watch
this at a later time?

THE COURT: Right?

MR. CORRIGAN: Okay.  Fair enough.

THE COURT: Before I make my ruling.

MR. CORRIGAN: We’ll call Maria Chacon.

THE COURT: Thank you.

 

. . .

 

THE COURT: All right.  I need to review the videotape, and I have a
meeting that I must attend at noon.  I’ll be back and have
reviewed the videotape by 1:30, and I’ll make my decision at that time.

MR. PHILLIPS [defense counsel]: Thank you.

(Court in recess).

 

Therefore, it is clear from the record that
defense counsel did not object to the judges’ viewing of the videotaped
confession in his chambers.

A defendant waives an alleged
violation of his right to confrontation by failing to object at trial.  Briggs
v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).  Accordingly, we find that Maddison did not preserve
his complaint regarding a violation of his right to confrontation.  See
Tex. R. App. P. 33.1; Briggs, 789 S.W.2d at 924.  We overrule issue two.

CONCLUSION

Having overruled Maddison’s
issues, we affirm the judgment.  

 

BILL VANCE

Justice

 

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed February
 2, 2005

Do not publish 

[CRPM]








 











    [1]       Appellant was charged with another offense
of aggravated sexual assault of a child under the age of fourteen (trial cause
number F02-43228, our cause number 10-03-00229-CR).  The trial court heard both at the same time.