Milton Leon BRIGGS, Appellant,

v.

The STATE of Texas, Appellee.

No. 154–89.

Court of Criminal Appeals of Texas,
En Banc.

May 16, 1990.

lesser included offense of indecency with a child. The court assessed his punishment at sixteen years confinement in the Texas Department of Corrections.

In an unpublished opinion the Fort Worth Court of Appeals reversed appellant's conviction on the authority of this Court's opinion in *Long v. State*, 742 S.W.2d 302 (Tex.Cr.App.1987). *Briggs v. State*, (Tex.App.—Fort Worth, No. 2–87–112–CR, delivered December 15, 1988). Appellant lodged no objection on the basis of denial of confrontation or due process in the trial court. Nevertheless, the court of appeals held that because *Long v. State*, supra, declared former Article 38.071, V.A.C.C.P., unconstitutional on its face, that provision was void from its inception, and no objection was required in order to preserve error for appeal. *Rose v. State*, 752 S.W.2d 529, at 553 (Tex.Cr.App.1988) (Opinion on rehearing), citing *Jefferson v. State*, 751 S.W.2d 502 (Tex.Cr.App.1988). We granted the State's petition for discretionary review in order to determine whether the court of appeals was correct to apply the holding of *Rose v. State*, supra, in the present context. See Tex.R.App.Pro., Rule 200(c)(2).

## I.

Trial commenced in late April of 1987, roughly two months before this Court delivered its opinion in *Long v. State*, supra. In its case in chief the State first called the twelve year old complainant, M.T., to the stand. She testified that sometime around the first of September, 1984, she was visiting her natural mother and appellant, her stepfather, in Arlington for the weekend. On Saturday night her mother got drunk and went to bed at around 10:30 p.m. M.T. soon followed, sleeping on a pallet at the foot of her mother's bed. In the middle of the night she awoke to find appellant with "his hands down in [her] panties ... moving his fingers ... [l]ike, well, up and down." When M.T. awoke, appellant "jerked" his hand out and told her he was trying to make sure she was not cold, al-

Pamela J. Moore and Larry W. Moore (on appeal only), Fort Worth, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall and David L. Richards, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Indicted for aggravated sexual assault, appellant was convicted by a jury of the

though the weather was warm and the air conditioner was inoperative.

About a year later in a phone conversation with her mother, as M.T. related it:

"... I was telling her how I don't like [appellant], how he touched me and so then I started telling her, I was going— well, I was telling her about the night that he touched me on my vagina, you know."

Her mother became upset and hung up on her. M.T. then called her older half sister, N.B., to tell her appellant "had hurt her."

Appellant briefly crossexamined M.T., attempting to nail down exactly when the alleged offense occurred.

M.T.'s half sister, N.B., next testified that M.T. did call her in September of 1985. When she asked M.T. whether appellant had touched her "down there," M.T. acknowledged that he had. N.B. then apprised M.T.'s natural father of the situation, and the Texas Department of Human Services was alerted. Norma Thomas, M.T.'s stepmother, testified that on September 26, 1985, she took M.T. to an office of that agency to be interviewed. The interview was conducted by Debra Phelan of Child Protective Services, and was videotaped.

Subject to the testimony of Phelan, the State at this point offered the videotape into evidence. Appellant objected that all predicates of Article 38.071, § 2(a), supra, had not been met; that the interview contained leading questions; and that it contained allusions to inadmissible extraneous offenses. After viewing the videotape in camera, the trial court ruled it could be admitted up to the point at which M.T. began to relate an extraneous event involving appellant and N.B., her half sister. Phelan then testified, laying the statutory predicate required by Article 38.071, §§ 2(a)(1) through (6), supra. The videotape was published to the jury.

We have viewed the videotape. In it, in response to primarily nonleading questions from Phelan, M.T. tells substantially the same story that she testified to at trial. Later, somewhat abashedly, she retells the story with reference to anatomically correct dolls.

After appellant briefly crossexamined Phelan, the State rested its case in chief. Appellant moved for an instructed verdict, arguing that the State had failed to show appellant's finger penetrated M.T.'s vagina, as was necessary to meet its burden of proof to establish the offense of aggravated sexual assault as alleged in the indictment.[1] Although the trial court denied this motion, nevertheless, after appellant rested and both sides closed, the court instructed the jury it could convict only of the offense of indecency with a child.[2] The jury found appellant guilty.

Although appellant failed to object to admission of the videotape on grounds that it denied him either confrontation, due pro-

---

1. Appellant was indicted under V.T.C.A. Penal Code, § 22.021(a)(1)(B)(i), which provides:
   "(a) A person commits an offense:
   (1) if the person:
        *    *    *    *    *    *
   (B) intentionally or knowingly:
   (i) causes the penetration of the anus or female sexual organ of a child by any means[.]"

2. Indecency with a child is defined in V.T.C.A. Penal Code, § 21.11(a)(1):
   "(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:
   (1) engages in sexual contact with the child[.]"

"Sexual contact" is defined in V.T.C.A. Penal Code, § 21.01(2):
   "(2) 'Sexual contact' means any touching of the anus, breast, or any part of the genitals of another person with the intent to arouse or gratify the sexual desire of any person."
Appellant objected that conviction for this offense was not authorized by the pleadings or evidence. He contended on appeal that the trial court erred to submit the lesser included offense because the evidence was insufficient to prove *any* sexual contact, much less penetration. He also contended the evidence failed to demonstrate appellant harbored a specific intent to arouse and gratify his sexual desire. V.T.C.A. Penal Code, §§ 21.11(a)(1) and 21.01(2). The court of appeals rejected both contentions.

cess or due course of law, the court of appeals reversed his conviction on those bases. As we understand it, the court of appeals reasoned that because this Court declared Article 38.071, § 2, supra, to be facially unconstitutional, *Long v. State,* supra, and an unconstitutional statute is void from its inception, *Jefferson v. State,* supra, appellant was "relieved of the obligation of objecting at trial." *Rose v. State,* supra, at 553. Along the way the court of appeals took note of Tex.R.Crim.Evid., Rule 103(d), which provides: "Nothing in these rules precludes taking notice of fundamental errors affecting substantial rights although they were not brought to the attention of the court." The court of appeals believed admission of the videotape in this cause thwarted the very constitutional protections this Court sought to uphold by striking down Article 38.071, § 2, supra, in *Long v. State,* supra. Finding the perceived error not to be harmless under Tex.R.App.Pro., Rule 81(b)(2), the court of appeals reversed.

## II.

■ The court of appeals' conclusion appellant did not have to object to preserve error under *Rose v. State,* supra, is premised upon our holding in *Long v. State,* supra, that former Article 38.071, § 2, supra, is facially unconstitutional. Although the court of appeals' reasoning is valid, we now reject the premise that the statute, though in a given case it may operate to deprive an accused of confrontation or due process and due course of law, is unconstitutional on its face. We therefore hold that *Rose* is inapposite, and objection is necessary to preserve error.

### A.

In *Long v. State,* supra, the Court held Article 38.071, § 2, supra, to be constitutionally deficient in three respects.[3] First, the Court found the statute to violate both state and federal confrontation clauses. By precluding counsel for the accused from being present during the videotaping of the child victim, § 2(a)(1) of the statute forecloses any possibility of crossexamination contemporaneous with the videotape. Absent the possibility of crossexamination at the time the videotape is made, the Court found Article 38.071, § 2, supra, to be overbroad in that, rather than allowing for a case by case determination whether any trauma to a child victim in having to testify in court would effectively render him "unavailable," it "assumes that confrontation in a particular class of cases will produce unnecessary trauma." 742 S.W.2d at 317.

The second and third deficiencies the Court found in Article 38.071, § 2, supra, involve due process and due course of law. The Court held it fundamentally unfair to impose upon the accused, as in many instances the statute would, the "Hobson's choice" between relinquishing his right to call the child victim to the stand in an effort to test his credibility, and invoking that right but thereby risking the wrath of the factfinder for subjecting the child to the very trauma the statute is supposed to obviate. 742 S.W.2d at 321. We also found it fundamentally unfair to permit the State, as the statute would seem to do, in essence to introduce its case in chief twice by allowing both live and videotaped testimony from the child victim. *Id.,* at 322.

We now believe none of these perceived defects is such as to render the statute unconstitutional on its face.

### B.

We recently held that Article 38.072, V.A.C.C.P., a statute authorizing admission of certain out of court statements of a child victim, was not facially invalid. Article 38.072, supra, permits the State to introduce the substance of "outcry" statements by child victims of certain enumerated offenses, notwithstanding the hearsay rule, if

---

**3.** The Legislature has substantially amended Article 38.071, supra, since our opinion in *Long.*

See Acts 1987, 70th Leg., 2nd c.s., ch. 55, p. 180, § 1, eff. October 20, 1987.

certain conditions are met. One of those conditions, in § 2(b)(3), is that the child be made available to testify and be crossexamined at trial. We held on the strength of this condition that the statute meets confrontation muster:

"[T]he opportunity at trial to crossexamine the declarant of an out-of-court statement may well, in a given case, provide all the confrontation the Federal Constitution requires. Thus, a statute allowing for admission as substantive evidence of a pretrial statement of a witness when that witness is made available to testify at trial would not seem to offend confrontation principles. Consistent with *California v. Green,* [399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970)], only when the opportunity for 'full and effective crossexamination' of a child complainant pursuant to the statute proves impossible at trial would the two-prong analysis of *Ohio v. Roberts,* [448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980)], requiring particularized showings of 'necessity' and 'reliability,' come into play. Facially, Article 38.072, supra, violates neither the federal nor the state confrontation clause."

*Buckley v. State,* 786 S.W.2d 357, 360 (Tex. Cr.App.1990).

Former Article 38.071, § 2, supra, contains a similar provision, in subsection (a)(8), requiring as a condition of admissibility of a videotape of a child victim that "the child is available to testify." Application of Article 38.071, supra, may well deprive an accused of his confrontation right if a videotape is admitted though "full and effective crossexamination" of the child witness should prove unattainable at trial. In short, like Article 38.072, supra, Article 38.-071 may be unconstitutional as applied in certain cases. However, we now hold it violates neither confrontation clause on its face. *California v. Green,* supra.

Nor do we believe either of the due process/due course of law concerns articulated in *Long* justify a holding that Article 38.071, supra, is facially unconstitutional. In some cases the accused may well be forced to call the child to the stand himself, or else forgo his right to crossexamine the principal witness against him. But not every defendant would be put to this unconstitutional choice. In the instant case, for example, the State called M.T. to the stand during its case in chief, permitting appellant the opportunity to crossexamine her without appearing himself to violate the apparent purpose of the statute.[4] In the event the State merely makes the child "available," but forces appellant to call her to the stand, the statute may indeed function to deprive the accused of due process and due course of law. We cannot conclude on that basis, however, that the statute is unconstitutional on its face.

It is true, as the court of appeals emphasized, that in this case the State essentially presented its principal witness twice. Again, however, the statute will not invariably operate to allow the State thus "to bolster [its] version of the facts...." *Long v. State,* supra, at 322. The State could choose to call the child during its case in chief, ask a few preliminary questions with regard to the making of the videotape, and then tender the witness to the defendant for crossexamination. Under this scenario the State has neither duplicated its case nor forced appellant to endure the stigma of calling the child to the stand himself.

■ Moreover, duplication of the State's evidence will not *ipso facto* render a trial fundamentally unfair. The instant case provides a ready example. M.T.'s testimony at trial did not directly establish the fact of penetration, a necessary evidentiary component of the offense of aggravated

4. Thus, in order to utilize the statute in a constitutional manner the State would have to call its child witness to the stand during its case in chief. If the purpose of former Article 38.071, supra, was to insulate child victims entirely from the necessity of testifying in open court, it would seem to be self defeating. See *Long v. State,* supra, at 315. This Court has no authority to strike down a statute, however, simply because it appears to be ineffectual. Article II, § 1, Texas Constitution.

sexual assault of a child. We note that in the course of the videotaped interview with Phelan, which occurred much closer in time to the alleged conduct than M.T.'s trial testimony, M.T. is unable or unwilling to state that appellant put his finger "inside" her.[5] At least insofar as his strategy was to avoid conviction for the greater offense, by establishing that at most only sexual contact occurred, V.T.C.A. Penal Code, § 21.01(2), the videotape in this cause might actually have aided appellant. Duplication of partly exculpatory evidence need hardly be considered "fundamentally unfair" under these circumstances, at least absent a specific objection by the appellant to indicate that he himself regarded it so.[6] In short, not every instance in which a State's witness is presented twice under the statute will violate the accused's guarantees of due process and due course of law.

"A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno,* 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).[7] As we think this cause illustrates, former Article

---

5. In the course of that portion of the videotape viewed by the jury, M.T. states appellant touched her where she "go[es] to the bathroom," but "sort of above" what she described as her "private place." Asked whether appellant's hand was "inside of [her] or outside of [her]," after a pause M.T. replied it was "sort of touching around in there." The distinct impression from her tone and gesture is that by "in there," M.T. simply meant "in" her panties.

6. It is certainly possible, as the court of appeals concluded, that the videotape contributed to appellant's conviction for the offense of indecency with a child. Rule 81(b)(2), supra. Just as likely, however, it also contributed to the trial court's having effectively granted appellant's motion for instructed verdict for the indicted offense of aggravated sexual assault, by authorizing the jury to convict him, if at all, only of the lesser included offense of indecency with a child. As a practical matter an accused in appellant's posture at trial will have a choice—either to challenge such evidence as redundant, wanting to exclude it because of its tendency to inculpate him of the lesser offense, or to let it be admitted despite its redundancy, for its tendency to exculpate him of the greater. Because no prior convictions are alleged in the instant indictment for enhancement purposes, the difference in punishment range between the greater and lesser offenses is very real, *viz:* 5 to 99 years or life, V.T.C.A. Penal Code, §§ 22.021(e) and 12.32, on the one hand, and 2 to 20 years, V.T.C.A. Penal Code, §§ 21.11(d) and 12.33, on the other.

Unlike the defendant in *Long,* appellant never objected that the State was "reiterati[ng]" evidence or that the videotape was nothing more than "improper bolstering" of M.T.'s earlier trial testimony. 742 S.W.2d at 305.

Absent a specific objection by which he could have signaled his choice under these circumstances, we are loath to conclude error in the way of a due process/due course of law violation occurred in admitting the videotape at appellant's trial. Thus, we would not proceed to a harm analysis.

7. The United States Supreme Court further observed that just because a statute "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid, since we have not recognized an 'overbreadth' doctrine outside the limited context of the First Amendment." 481 U.S. at 745, 107 S.Ct. at 2100, 95 L.Ed.2d at 707. See also *New York v. Ferber,* 458 U.S. 747, at 767, 102 S.Ct. 3348, at 3360, 73 L.Ed.2d 1113, at 1129 (1982); *Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); *United States v. Raines,* 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960).

In *County Court of Ulster County v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), the Supreme Court addressed a New York statute providing all passengers in an automobile are presumed to possess any weapon found in the vehicle during their occupancy. On appeal from a federal habeas corpus proceeding the Court of Appeals had ruled this statute unconstitutional on its face simply because it could conjure various hypothetical contexts in which the statutory presumption would deprive an accused of due process. The Supreme Court held that the Court of Appeals erred to hold the statute facially unconstitutional on this basis. In arriving at that conclusion, the Supreme Court reasoned:

"A party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his rights. As a general rule, if there is no constitutional defect in the application of the statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations."

442 U.S. at 154–55, 99 S.Ct. at 2223, 60 L.Ed.2d at 790, citing *Broadrick v. Oklahoma,* supra.

This Court has observed that "when challenging the constitutionality of a statute it is incumbent upon a defendant to show that in its opera-

924

38.071, § 2, supra, can be applied without offending either the state or the federal constitution. Accordingly, to the extent *Long v. State*, supra, held that provision to be unconstitutional on its face, it is overruled.

### III.

▇▇▇ Because former Article 38.071, § 2, supra, was not facially unconstitutional, neither was it "void ab initio." For this reason we reject the court of appeals' reliance on our opinion on rehearing in *Rose v. State*, supra, to hold that appellant had no obligation to object at trial that his constitutional rights to confrontation and due process/due course of law were violated in order to preserve that claim for appeal. Even constitutional errors may be waived by failure to object at trial. E.g., *Gibson v. State*, 516 S.W.2d 406, at 409 (Tex.Cr.App.1974), and cases cited. The Court has already held, in *Ex parte Crispen*, 777 S.W.2d 103 (Tex.Cr.App.1989), that *Long* error does not fall into the "right not recognized" exception to the contemporaneous objection requirement. See *Ex parte Chambers*, 688 S.W.2d 483, at 486 (Tex.Cr.App.1984). We hold that in failing to object at trial, appellant waived any claim that admission of the videotape violated his rights to confrontation and due process/due course of law.

▇▇▇ Finally, we cannot agree that error occurred in appellant's trial so "fundamental" as to justify the court of appeals' *sua sponte* reversal of the conviction under Rule 103 of the Rules of Criminal Evidence. Because M.T. was available and in fact did testify during the State's case in chief, appellant was afforded a full and fair op-

portunity to crossexamine her. His confrontation rights were thus vindicated. *Buckley v. State*, supra, at 360–61. He was not forced to call M.T. himself in order to secure those rights. Nor can we conclude on the facts presented that allowing M.T. effectively to testify twice rendered the proceedings fundamentally unfair. Thus, nothing about the application of Article 38.071, § 2, supra, deprived appellant of due process or due course of law.[8]

Insofar as it reversed the conviction on the basis of unobjected to *Long* error, therefore, the judgment of the court of appeals is reversed. Because the court of appeals disposed of appellant's other points of error adversely to him on original submission, we need not remand to that court. The judgment of the trial court is affirmed.

TEAGUE and MILLER, JJ., dissent and adhere to the views expressed in no uncertain terms in Part VII of *Long v. State*, 742 S.W.2d 302, at page 323 (Tex.Cr.App. 1987), and in Judge CAMPBELL's concurring and dissenting opinion therein.

CAMPBELL, J., dissents for the reason expressed in his concurring and dissenting opinion in *Long v. State*, 742 S.W.2d 302 (Tex.Cr.App.1987).

---

tion the statute is unconstitutional to him in his situation; that it may be unconstitutional to others is not sufficient. *Briggs v. State*, [740 S.W.2d 803 (Tex.Cr.App.1987)]; *Parent v. State*, 621 S.W.2d 796 (Tex.Cr.App.1981)." *Bynum v. State*, 767 S.W.2d 769, at 774 (Tex.Cr.App.1989).

Because we can readily imagine situations in which former Article 38.071, § 2, supra, could have been applied in a manner consonant with rights of confrontation, and of due process and due course of law, we too erred in holding the statute unconstitutional on its face.

8. Indeed, because the statute did not deprive appellant of any constitutional right or guarantee, he has no standing to challenge its constitutionality on appeal. *County Court of Ulster County v. Allen*, supra. See n. 7, *ante*.