Affirmed and Memorandum Opinion filed September 25, 2007








Affirmed
and Memorandum Opinion filed September 25, 2007.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00052-CR

_______________

 

JOHN PATRICK WINTERS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 356615

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

Appellant,
John Patrick Winters, challenges the trial court=s order denying his motion for
post-conviction DNA testing.  In two issues, appellant contends the trial court
violated his right to due process under the federal and state constitutions by
denying his right to confront and cross-examine witnesses at a post-trial DNA
motion hearing.  All dispositive issues are clearly settled in law. 
Accordingly, we issue this memorandum opinion and affirm.  See Tex. R. App. P. 47.4.








On May
18, 1982, appellant was charged with aggravated rape.  He pleaded guilty to
attempted rape, and the trial court sentenced him to probation for a term of
six years.  After failing to abide by the terms of his probation, appellant
pleaded true to the State=s motion to adjudicate guilt.  The trial court assessed
punishment of four years= incarceration.  No direct appeal was taken.

Subsequently,
appellant filed a motion seeking post-conviction DNA testing under article 64
of the Texas Code of Criminal Procedure.  Relying on the affidavits of K.L.
McGinnis, Property and Evidence Records Custodian for the Houston Police
Department, Reidun Hilleman, Property and Evidence Records Custodian for the
Houston Police Department Crime Lab, and Melchora Vasquez, Exhibits Clerk for
the Harris County District Clerk=s Office, the trial court found that
no evidence existed to be tested and denied appellant=s motion.  Appellant complains the
trial court violated his due process rights under the federal and state
constitutions because he was denied the opportunity to confront and
cross-examine the affiants. 

However,
appellant failed to preserve error on this complaint.  Generally, to preserve a
complaint for appellate review, a party must have presented the trial court
with a timely request, objection, or motion stating the specific grounds for
the ruling sought.   Tex. R. App. P.
33.1; Cockrell v. State, 933 S.W.2d 73, 88B89 (Tex. Crim. App. 1996).  Even
constitutional error may be waived without proper preservation.  See Wright
v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000) (ruling failure to
specifically object under the Confrontation Clause at trial waives the argument
on appeal); see also Briggs v. State, 789 S.W.2d 918, 924 (Tex.
Crim. App. 1990) (holding failure to object at trial waives any claim on appeal
that admission of videotape evidence violated appellant=s rights of confrontation and due
process).








In this
case, there is no indication appellant objected to the affidavits on the
grounds complained of, or requested an opportunity to cross-examine the
affiants.  The appellate record does not indicate whether the trial court held
a hearing on appellant=s motion or, if the trial court did hold a hearing, whether
appellant was present at the hearing.  However, after the trial court=s ruling, appellant did not file any
motion raising his constitutional complaints.  Therefore, appellant waived his
complaints.  See Briggs, 789 S.W.2d at 924.

Accordingly,
the judgment of the trial court is affirmed.

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed September 25, 2007.

Panel consists of Chief Justice
Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).