Affirmed and Memorandum Opinion filed July 10, 2008








Affirmed and Memorandum Opinion filed July 10, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00451-CR

____________

 

ADRIAN TERRELL WILSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1089706

 



 

M E M O R A N D U M   O P I N I O N

Appellant Adrian Terrell Wilson was found guilty by a jury
of murder and was sentenced by the trial court to life imprisonment in the
Texas Department of Criminal Justice, Institutional Division.  On appeal,
appellant raises two issues, contending in both that he was not allowed to
confront and cross-examine witnesses in violation of state and federal
constitutional protections.  However, because appellant failed to raise this
objection during the testimony of either witness at trial, he has failed to
preserve the issues for appeal.  We affirm.








I.        Factual
Background

On October 21, 2006, appellant and the eighteen-year-old
complainant, Adrian Guillory, argued while outside an apartment complex in
Houston.  Appellant pulled out a gun and shot Guillory at least seven times,
killing him.  

At trial, the State presented several witnesses, including
Marcus Wright and Ashton Winters.  Both Wright and Winters testified that they
saw appellant shoot Guillory.  Winters also testified that appellant came to
his apartment afterward and directed him to hide the gun used in the shooting;
appellant also threatened to kill Winters and his family if he told anyone what
he had done.  During appellant=s case-in-chief, both appellant and
another witness, Hershel Cartwright, testified that it was Marcus Wright, not
appellant, who shot Guillory.

II.       Appellant
Failed to Preserve Issues on Appeal

Appellant contends that the trial court erred by limiting
his right to confront and cross-examine witnesses as provided in the Sixth
Amendment to the United States Constitution, Article I, Section 10 of the Texas
Constitution, and Crawford v. Washington, 541 U.S. 36 (2004). 
Specifically, he contends that the trial court improperly limited his
cross-examination of Marcus Wright and Ashton Winters.

A.      Marcus
Wright

In his first issue, appellant contends that the trial court
ordered him not to question Marcus Wright about the complainant, Guillory,
being a witness against Wright in a prior theft case.  According to appellant,
the testimony would have proved that Wright had a motive to kill Guillory and
to lie about appellant being the shooter, and so would have been critical to
appellant=s case.  








Wright initially testified outside the jury=s presence.  At
that time, the State elicited testimony from him that he had pleaded guilty in
2004 to the felony offense of theft.  Wright testified that, at the time he pleaded
guilty, he did not know that the complainant, Guillory, was a witness to the
theft case, and he did not learn that Guillory was a possible witness until a
couple of days before appellant=s trial.  Wright also testified that he
and Guillory never discussed Guillory=s having been a
witness to the theft, and he had no ill will or hard feelings toward Guillory. 
The State then objected to Aany testimony along these lines because
there=s been no evidence
to show that this witness even knew that Adrian Guillory was a witness.@  The trial court
stated, ACan=t let you ask
about it now.@  Appellant raised no objection at this time, nor did
he object to any limitation on his right to confront or cross-examine Wright
concerning the theft offense and whether Wright knew Guillory was a possible
witness to the theft when he cross-examined him before the jury. 

Appellant=s failure to object at trial on the
grounds he raises on appeal preserves nothing for review.  See Dewberry v.
State, 4 S.W.3d. 735, 752 n.16 (Tex. Crim. App. 1999) (holding appellant=s failure to
object under the confrontation clause waived his argument on appeal); Briggs
v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (holding appellant
waived any claim that his rights to confrontation and due process/due course of
law were violated by failing to object at trial); Grant v. State, 218
S.W.3d 225, 229 (Tex. App.CHouston [14th Dist.] 2007, pet. ref=d) (holding
appellant waived claim that trial court violated his federal and state
constitutional rights to confront witnesses against him as he did not raise any
confrontation clause issue at trial); Tex.
R. App. P. 33.1(a).

We therefore overrule appellant=s first issue.

B.      Ashton
Winters

In his second issue, appellant contends that the trial
court did not allow him to confront and cross-examine Ashton Winters concerning
his reason for coming out of his apartment before he witnessed the shooting. 
According to appellant, this prevented him from cross-examining Winters
concerning his credibility and his ability to remember facts accurately.








On cross-examination, Winters confirmed that he had
testified on direct examination that he came out of his apartment because he
had received a phone call from Wright and was curious.  Appellant then asked, AIsn=t it true that you
told the police that you went outside for some fresh air?@  The State
objected to this question and the trial court sustained the objection.  The
trial court did not rule that appellant was precluded from questioning Winters
about his prior statements to the police.  Moreover, appellant did not raise any
objection concerning his right to confront and cross-examine Winters concerning
his reason for leaving his apartment.  Therefore, appellant has failed to
preserve the issue for appeal.  See Dewberry, 4 S.W.3d. at 752 n.16; Briggs,
789 S.W.2d at 924; Grant, 218 S.W.3d at 229; Tex. R. App. P. 33.1(a).

We therefore overrule appellant=s second issue.

Having overruled appellant=s issue, we affirm
the trial court=s judgment.

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed July 10, 2008.

Panel consists of
Chief Justice Hedges, Justice Fowler, and Justice Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).