**Opinion filed November 19, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00087-CR

_____

## ROBERT RENE ACOSTA, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 22683A**

## M E M O R A N D U M   O P I N I O N

The jury convicted Robert Rene Acosta of the offense of aggravated sexual assault of a child, found an enhancement allegation to be true,[1] and assessed punishment at confinement for life plus a $10,000 fine. We modify and affirm.

---

[1]We note that the judgment inaccurately reflects "N/A" with respect to the enhancement issues. The indictment contains two enhancement allegations. The State waived one, and appellant pleaded not true to the other. The jury, however, found it to be true. Accordingly, we modify the trial court's judgment to reflect that appellant pleaded "NOT TRUE" to the enhancement paragraph and that the jury found the enhancement to be "TRUE."

In his sole issue on appeal, appellant asserts that the placement of a screen between him and his child accuser during her testimony at trial violated his right of confrontation guaranteed by the Sixth Amendment of the U.S. Constitution. Within this issue, appellant also asserts that the trial court failed to hold a hearing regarding the need to protect the child.

First, we note that the trial court held a hearing regarding the propriety of the screen. During the hearing, which was held outside the presence of the jury, the district attorney explained that the child was "still violently afraid" of appellant such that she would likely become "unavailable" as a witness. Second, we agree with the State that appellant did not preserve his Sixth Amendment contention for review. The record shows that the only objections voiced by appellant at trial were that the screen "would be unduly prejudicial" and "would make him look guilty to the jury." Appellant did not object on the basis of the Sixth Amendment or the denial of his right to confront the witnesses against him, and these grounds were not apparent from the context of his objections. *See* TEX. R. APP. P. 33.1(a). Even constitutional errors, including Confrontation Clause complaints, may be waived if they are not voiced at trial. *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (trial objection on hearsay grounds failed to preserve error on Confrontation Clause grounds); *Wright v. State*, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000) (Confrontation Clause argument waived by failing to object on that basis); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). Appellant's contentions have not been preserved for review. We overrule appellant's sole issue.

The judgment of the trial court is modified to reflect that appellant pleaded "NOT TRUE" to the enhancement paragraph and that the jury's finding as to the enhancement was "TRUE." As modified, the trial court's judgment is affirmed.


JIM R. WRIGHT

CHIEF JUSTICE

November 19, 2009

Do not publish. *See* TEX. R. APP. P. 47. 2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

2