Opinion filed November 19, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed November 19,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00087-CR

                                                    __________

 

                                 ROBERT RENE ACOSTA, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 42nd District Court

 

                                                          Taylor
County, Texas

 

                                                  Trial
Court Cause No. 22683A

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted Robert Rene Acosta of the offense of aggravated sexual assault
of a child, found an enhancement allegation to be true,[1]
and assessed punishment at confinement for life plus a $10,000 fine.  We modify
and affirm.  








In
his sole issue on appeal, appellant asserts that the placement of a screen
between him and his child accuser during her testimony at trial violated his
right of confrontation guaranteed by the Sixth Amendment of the U.S.
Constitution.  Within this issue, appellant also asserts that the trial court
failed to hold a hearing regarding the need to protect the child.  

First,
we note that the trial court held a hearing regarding the propriety of the
screen.  During the hearing, which was held outside the presence of the jury,
the district attorney explained that the child was Astill violently afraid@ of appellant such that she would likely
become Aunavailable@ as a witness.  Second, we
agree with the State that appellant did not preserve his Sixth Amendment
contention for review.  The record shows that the only objections voiced by
appellant at trial were that the screen Awould
be unduly prejudicial@
and Awould make him
look guilty to the jury.@ 
Appellant did not object on the basis of the Sixth Amendment or the denial of
his right to confront the witnesses against him, and these grounds were not
apparent from the context of his objections.  See Tex. R. App. P. 33.1(a).  Even
constitutional errors, including Confrontation Clause complaints, may be waived
if they are not voiced at trial.  Paredes v. State, 129 S.W.3d 530, 535
(Tex. Crim. App. 2004) (trial objection on hearsay grounds failed to preserve
error on Confrontation Clause grounds); Wright v. State, 28 S.W.3d 526,
536 (Tex. Crim. App. 2000) (Confrontation Clause argument waived by failing to
object on that basis); Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim.
App. 1990).  Appellant=s
contentions have not been preserved for review.  We overrule appellant=s sole issue.  

The
judgment of the trial court is modified to reflect that appellant pleaded ANOT TRUE@ to the enhancement
paragraph and that the jury=s
finding as to the enhancement was ATRUE.@  As modified, the trial
court=s judgment is
affirmed.  

 

 

JIM R. WRIGHT

CHIEF JUSTICE

November 19,
2009

Do not publish. 
See Tex. R. App. P. 47.
2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J. 









[1]We note that the judgment inaccurately reflects AN/A@ with respect to
the enhancement issues.  The indictment contains two enhancement allegations. 
The State waived one, and appellant pleaded not true to the other.  The jury,
however, found it to be true.  Accordingly, we modify the trial court=s judgment to reflect that appellant pleaded ANOT TRUE@ to the enhancement
paragraph and that the jury found the enhancement to be ATRUE.@