# NO. 12-15-00039-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TAURUS JENKINS,* *APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Taurus Jenkins, was found guilty of assault–family violence, enhanced to a third degree felony by a prior conviction of assault–family violence. He raises four issues on appeal. We affirm.

### BACKGROUND

On August 13, 2013, Officer Scott Hamel of the Lufkin Police Department went to Alissia Moore's residence in response to an interrupted 911 call. Moore told Officer Hamel that Appellant had broken a glass over her head, cutting her head and hands. He had then pushed her head into the wall with sufficient force to dent the sheetrock. Moore had blood on her head and hands. Appellant had left Moore's house before Officer Hamel arrived.

The State introduced Officer Hamel's photographs showing Moore's injuries, the broken glass, and the dent in the sheetrock. Moore testified at trial that she and Appellant were in a dating relationship from June 2011 until March 2014. In May 2014, she signed an affidavit of nonprosecution. In her affidavit, she stated that she did not intend that Appellant be arrested or charged with an offense, and that she did not want the case against him to go forward. She did not state that Appellant had not assaulted her.

At trial, Moore could not recall most of the events of August 13, 2013. She remembered calling 911 and the police arriving at her house. She did not remember the assault, or her injuries, the broken glass, the dent in the sheetrock, or her interrogation by Officer Hamel.

Appellant testified that he did not assault Moore. He remembered that he had thrown a glass at her, but only after she had thrown a glass at him.

A certified copy of Appellant's prior conviction for assault–family violence was received in evidence without objection.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Appellant challenges the sufficiency of the evidence to support his conviction. In his fourth issue, he complains that the trial court erred in denying his motion for acquittal presented at the close of State's evidence.

### Standard of Review and Applicable Law

In reviewing the legal sufficiency of the evidence, the appellate court views all of the evidence in the light most favorable to the judgment in order to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. ***Brooks v. State***, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Appellate review of "all of the evidence" includes evidence that was improperly admitted as well as evidence that was properly admitted. ***Clayton v. State***, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

A person commits an offense if the person intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse. TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2015). An offense under this section is a felony of the third degree if committed against a person with whom the defendant has a "dating relationship," or a family or household relationship, and it is shown that the defendant has previously been convicted of an offense under Chapter 19 or 22, or Section 20.03, 20.04, 21.11, or 25.11 of the Texas Penal Code. ***Id***. § 22.01(b)(2)(A) (West Supp. 2015). Chapter 22 proscribes assaultive offenses including assaults against a family or household member and those with whom the defendant has a dating relationship. *See **id***. § 22.01 (West Supp. 2015).

> "[D]ating relationship" means a relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature. The existence of such a relationship shall be determined based on consideration of:
> (1) the length of the relationship;

2

> (2) the nature of the relationship; and
>
> (3) the frequency and type of interaction between the persons involved in the relationship.

TEX. FAM. CODE ANN. § 71.0021(b) (West Supp. 2015).

## Discussion

At a bench trial, the State introduced the interrupted 911 call that caused Officer Hamel to be sent to Alissia Moore's house. Officer Hamel testified that Moore had told him Appellant had broken a glass over her head and slammed her head into the wall. The State introduced photographs of Moore's bloody head and hands, the broken glass, and the dented wall. Moore could not recall the assault, but she did not deny that it had occurred. She admitted that she and Appellant were in an intimate "dating relationship" on the date of the alleged assault. Appellant testified and denied the assault. The State introduced a certified copy of Appellant's conviction for assault–family violence in Smith County.

In a bench trial, the trial judge is the fact finder and therefore the exclusive judge of the witnesses' credibility and the weight to be given their testimony. *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App.), *cert. denied*, 556 U.S. 1211, 129 S. Ct. 2075, 173 L. Ed. 2d 1139 (2009). Moreover, the fact finder is entitled to believe or disbelieve all or part of a witness's testimony. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). In this case, the fact finder disbelieved Appellant's testimony. The evidence is sufficient to support Appellant's conviction.

The State presented sufficient evidence of every element of the offense charged before Appellant presented his motion for acquittal. The trial court correctly denied the motion.

Appellant's first and fourth issues are overruled.

### CONFRONTATION

In his second issue, Appellant contends "the Trial Court erred in finding [him] guilty based on hearsay statements in violation of the Confrontation Clause of the U.S. Constitution."

## Standard of Review and Applicable Law

The trial court's admission or exclusion of evidence is reviewed under an abuse of discretion standard. *Salazar v. State*, 38 S.W.3d 141, 153-54 (Tex. Crim. App. 2001). We review the trial court's determination of constitutional questions de novo. *Wall v. State*, 184 S.W.3d 730, 732 (Tex. Crim. App. 2006).

3

"In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him. . . ." U.S. CONST. amend VI. This procedural guarantee applies to both federal and state prosecutions. *Pointer v. Texas*, 380 U.S. 400, 406, 85 S. Ct. 1065, 1069, 13 L. Ed. 2d 923 (1965).

Where the admissibility of testimonial evidence is at issue, the Sixth Amendment requires the unavailability of the witness and a prior opportunity for cross examination. *Crawford v. Washington*, 541 U.S. 36, 68, 124 S. Ct. 1354, 1374, 158 L. Ed. 2d 177. Statements knowingly made or given in response to structured police questioning are testimonial. *Id*. at 53 & n.4, 124 S. Ct. at 1365 & n.4. The loss of memory at trial by the declarant of a prior out of court statement does not render the declarant who is physically present at trial "absent" for confrontation purposes. *Woodall v. State*, 336 S.W.3d 634, 644 (Tex. Crim. App. 2011).

A Confrontation Clause complaint may be waived by failing to object at trial. *Wright v. State*, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).

**Discussion**

Moore, the victim, was present at trial and testified. However, Moore claimed to have lost any memory of the assault or her questioning by Officer Hamel shortly thereafter. Therefore, Appellant complains, the admission in evidence of Moore's responses to Officer Hamel's interrogation regarding the alleged assault violated his constitutional right to confrontation of the witnesses against him.

At trial, Officer Hamel's testimony regarding Moore's answers naming Appellant as her assailant was received without objection. At the close of the State's evidence, Appellant moved for acquittal based on the State's failure to prove that he had committed the assault "by breaking a glass over her head" as alleged in the indictment. Because he did not object to the admission of the evidence under the Confrontation Clause, Appellant has waived any error.

Moreover, an objection on confrontation grounds would have been ineffectual. Moore was present for both days of trial. The State called her as a witness, and she was cross examined by Appellant. She remembered the police coming to her house, but denied any recollection of the assault or her interrogation by Officer Hamel. Moore's professed memory loss did not render her absent or unavailable for confrontation purposes. *See Woodall*, 336 SW.3d at 642. Therefore, Appellant's right of confrontation was not implicated.

4

Appellant's second issue is overruled.

In his third issue, Appellant argues that he should not have been convicted of a felony because a fatal variance existed between the enhancement allegation in the indictment and the enhancement evidence at trial.

**Applicable Law**

A variance exists "when there is a discrepancy between the allegations in the charging instrument and the proof at trial." ***Gollihar v. State***, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001).

> A variance between the wording of an indictment and the evidence presented at trial is fatal only if "it is material and prejudices [the defendant's] substantial rights." When reviewing such a variance, we must determine whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime.

***Id***. at 257 (quoting ***United States v. Sprick***, 233 F.3d 845, 853 (5th Cir. 2000) (footnotes omitted)).

**Discussion**

Appellant's indictment alleged that "the defendant [has] previously been convicted of an offense under Chapter 19 of the Texas Penal Code [criminal homicide], against a member of the defendant's family, as described by Section 71 of the Texas Family Code, to wit: on the 21st day of March, 2005, in the County Court at Law No. 2 of Smith County, Texas, in cause number 28641204." The State introduced without objection a certified copy of the judgment in that cause, which showed a prior conviction for assault–family violence under Chapter 22 of the penal code. Appellant insists this variation between the proof and the allegation in the indictment represents a "fatal variance."

A prior conviction of a prior offense against a member of Appellant's family or household under either Chapter 19 or Chapter 22 enhances the underlying offense to a third degree felony. TEX. PENAL CODE ANN. § 22.01(b)(2)(A). That the indictment described the offense as "under Chapter 19 of the Texas Penal Code" (criminal homicide) rather than under Chapter 22 (assaultive offenses) of the Texas Penal Code did not prejudice Appellant's defense.

5

The indictment adequately informed Appellant of the charge against him and did not impair his ability to prepare his defense at trial.  Prosecution under the indictment as drafted will not subject Appellant to the risk of again being prosecuted for the same crime.

The defectively drafted indictment did not prejudice Appellant's substantial rights. Therefore, the variance was not material and must be disregarded.  *See Golihar*, 46 S.W.3d at 257.  Appellant's third issue is overruled.


## DISPOSITION

Having overruled Appellant's first, second, third, and fourth issues, we ***affirm*** the judgment of the trial court.

**BILL BASS**
Justice


Opinion delivered April 20, 2016.
*Panel consisted of Worthen, C.J., Neeley, J., and Bass, Retired J., 12th Court of Appeals, sitting by assignment.*


(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 20, 2016**

**NO. 12-15-00039-CR**

**TAURUS JENKINS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2014-0191)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Neeley, J., and Bass, Retired J.,*
*Twelfth Court of Appeals, sitting by assignment.*