**Affirm and Opinion Filed October 8, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01197-CR

**WILLIE DAVIS SPENCER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F-9035572-H**

# MEMORANDUM OPINION

Before Justices Bridges, Molberg, and Partida-Kipness
Opinion by Justice Molberg

Willie Davis Spencer challenges the trial court's determination that the results of post-conviction DNA testing did not demonstrate a reasonable probability that Spencer would not have been convicted of aggravated sexual assault had the test results been available to him at his trial. In a single issue, Spencer claims the trial court committed reversible error by failing to hold a hearing after examining the DNA test results. We affirm the trial court's findings.

## BACKGROUND

Shortly after midnight on October 31, 1990, complainant and her date were sitting in a parked rental car at Glendale Park in Dallas County when Spencer and two other men approached the car with a rifle. The men robbed complainant of her jewelry and they robbed complainant's date of a gun. After forcing complainant's date to exit the vehicle and lie on the ground, Spencer

and the two accomplices forced complainant into the trunk of the car and drove her to a wooded area. At Spencer's trial, complainant testified that, in the woods, Spencer said, "I'm going to fuck this bitch." Spencer vaginally raped complainant for approximately fifteen minutes and "beat" her. One of the other suspects vaginally raped complainant for approximately five minutes. The third man, Jamon Marsh, raped her anally. Complainant testified that after they were finished raping her, the men threw some clothes at her, and Spencer gave her seventy-five cents and told her that if he ever saw her at a park again, he would kill her. The men then drove away.

Less than two hours later, at 1:45 a.m. on October 31, complainant underwent a rape examination at Parkland Hospital. The examining physician took notes on complainant's injuries. The physician observed motile spermatozoa in complainant's vaginal vault. The evidence in complainant's sexual assault kit included a vaginal swab, a vaginal smear, an anal swab, an anal smear, a blood sample, pubic hair combings, and pubic hair cuttings. The sexual assault kit was submitted to Southwestern Institute of Forensic Sciences at Dallas.

On November 19, 1990, complainant identified Spencer's picture in a photo lineup as one of the men who had abducted and raped her. In a written statement Spencer gave to the police on December 3, 1990, Spencer described raping a woman after abducting her at gunpoint from Glendale Park with two men he identified as "J" and "Cornell." In his December 3 statement, Spencer stated that he, Cornell, and "J" approached a man and a woman in a car at Glendale Park; they forced the man to exit the vehicle and lie on the ground; they forced the woman into the trunk of the car; they drove to the Old Kiest Drive Inn; and he, Cornell, and "J" raped her.

In a bench trial on September 9, 1991, Spencer was convicted of aggravated sexual assault and aggravated robbery.[1] For the aggravated sexual assault offense, the trial court assessed

---

[1] The trial court's judgment is dated September 10, 1991.

punishment, enhanced by a prior felony conviction, at forty-five years' confinement.[2] Spencer unsuccessfully appealed his convictions in this Court.

After his convictions, Spencer testified as a witness for the State at Jamon Marsh's trial on February 6, 1992. Spencer testified that on the night in question, he, Jamon, and "Cornell" approached a man and a woman in a car in Glendale Park; they forced the man to exit the vehicle and lie on the ground; they forced complainant into the trunk of the car; and they drove complainant to the woods where he, Jamon, and Cornell raped her.

On August 2, 2012, Spencer applied for post-conviction DNA testing pursuant to chapter 64 of the Texas Code of Criminal Procedure. By order dated August 24, 2017, the trial court granted Spencer's motion and ordered the Department of Public Safety (DPS) crime laboratory to test "vaginal swabs and anal smears collected during the victim's sexual-assault examination and currently in the possession of the Southwestern Institute of Forensic Sciences." The trial court also ordered DNA testing of "a previously obtained blood sample from the victim and a buccal-swab sample to be obtained from Spencer."

The DPS crime laboratory reported on June 22, 2018 that, with respect to complainant's vaginal swabs:

> Spermatozoa, semen specific constituents, were detected.
>
> The DNA profile from the sperm cell fraction is interpreted as originating from a single individual. Obtaining this profile is 5.78 nonillion times more likely if the DNA came from the suspect than if the DNA came from an unrelated, unknown individual. Based on the likelihood ratio result, the suspect cannot be excluded as a possible contributor of the profile. The victim is excluded as the contributor of this profile.
>
> The DNA profile from the epithelial cell fraction is interpreted as a mixture of two individuals with the victim as an assumed contributor. Based on the

---

[2] For the aggravated robbery offense, the trial court assessed punishment, enhanced by two prior felony convictions, at twenty-five years' confinement.

likelihood ratio result, it is inconclusive whether the suspect is a contributor to the profile.

On September 13, 2018, the trial court made Article 64.04 Findings on the Results of the Post-Conviction DNA Testing. The trial court's findings stated, "The DNA test results were examined by this Court during a hearing held under article 64.04 of the Texas Code of Criminal Procedure." Based on the June 22, 2018 DPS crime laboratory report, the trial court found that the DNA test results did not demonstrate a reasonable probability that Spencer would not have been convicted had the test results been available to him at his 1991 trial.

On appeal, Spencer complains the trial court violated his "constitutional and substantial rights" by failing to conduct a hearing after examining the post-conviction DNA test results.

## ANALYSIS

After examining the results of post-conviction DNA testing, Article 64.04 of the Texas Code of Criminal Procedure requires the convicting court to hold a hearing and make a finding as to whether it is reasonably probable that the defendant would not have been convicted if the results had been available during the trial of the offense. TEX. CODE CRIM. PROC. ANN. art. 64.04. To demonstrate a reasonable probability that the defendant would not have been convicted, the defendant must show a reasonable probability that exculpatory DNA testing would prove his innocence. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). That showing is not met if the test results would "merely muddy the waters." *Id.*

### Spencer Waived Any Complaint the Trial Court Did Not Conduct A Hearing

Here, Spencer successfully petitioned the trial court to order DNA testing over twenty-five years after his conviction. The trial court received and considered the results of the testing, and determined that, even if the test results had been available during Spencer's trial, it was not reasonably probable that Spencer would not have been convicted. The trial court's Article 64.04 findings explicitly stated that the court conducted the mandatory hearing under Article 64.04.

However, the record on appeal does not include a reporter's record of an Article 64.04 hearing, and there is no other indication in the record that the trial court conducted a hearing or that Spencer waived his right to a hearing. Indeed, the record includes a February 28, 2019 letter from the Dallas County Public Defender's office to the court reporter stating "there is no record" of "any on-the-record proceedings" "concerning the adverse findings on the defendant's DNA motion on September 13, 2018." The court reporter also filed a letter in this Court which indicates not only the absence of an on-the-record hearing, but also any hearing at all:

> [T]here is no reporter's record to turn in. After researching this case, I'm told that the only thing done recently in my court was the Judge signing an agreed order granting a [sic] Spencer's Motion. There was no hearing held regarding this matter.

Spencer contends the trial court erred by failing to conduct a hearing in accordance with Article 64.04. However, nothing in the record indicates Spencer either objected to this error, requested a hearing, or otherwise alerted the trial court to the necessity of a hearing.[3] To preserve error for appellate review, the complaining party must make a timely, specific objection at the earliest opportunity and obtain an adverse ruling. TEX. R. APP. P. 33.1(a); *Valle v. State*, 109 S.W.3d 500, 508–509 (Tex. Crim. App. 2003); *Hunnicutt-McDonald v. State*, No. 01-18-01035-CR, 2019 WL 3484215, at *2 (Tex. App.—Houston [1st Dist.], Aug. 1, 2019, no pet.) (mem. op., not designated for publication). The failure to object can waive even an error involving constitutional rights. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).

The trial court's order granting Spencer's request for DNA testing and ordering the DPS crime laboratory to perform DNA testing was signed on August 24, 2017. The DPS crime laboratory report was issued on June 22, 2018. The trial court entered its Article 64.04 Findings

---

[3] On appeal, Spencer does not claim he objected to any failure by the trial court to conduct a hearing. Nor does he claim he requested a hearing or otherwise alerted the trial court to the necessity of a hearing.

on the Results of Post-Conviction DNA Testing on September 13, 2018.  On September 20, 2018, Spencer wrote a letter, in his own hand, to the trial court, stating:

> I will [sic] like to appeal my DNA results because the court notes, however, that the victim was sexually assulted [sic] by a total of three men during the same incident.  Thus, in order to be consdered [sic] DNA contributions from at least three males and must exclude Spencer as being one of those contributors.

Spencer's letter was filed in the trial court on September 27, 2018.  At no point did Spencer object to any failure by the trial court to conduct a hearing.  Nor did Spencer request a hearing or otherwise alert the trial court to the necessity of a hearing.  We conclude Spencer waived any error in the trial court's Article 64.04 findings.  *See Clark*, 365 S.W.3d at 339; *Briggs*, 789 S.W.2d at 924.

*Any Error Did Not Harm Spencer*

Even if Spencer had preserved his complaint for appellate review—which he did not—any error is non-constitutional error which did not harm Spencer or affect his substantial rights.  The DNA test results showed Spencer cannot be excluded as a source of the DNA extracted during complainant's rape examination.   These inconclusive DNA test results do not establish a reasonable probability of innocence, and the trial court did not err in finding the results were not favorable to Spencer.  *See Rivera*, 89 S.W.3d at 59; *Morrison v. State*, No. 05-06-01632-CR, 2007 WL 4171261, at *3 (Tex. App.—Dallas Nov. 27, 2007, pet. ref'd) (not designated for publication); *Baggett v. State*, 110 S.W.3d 704, 707 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd).  Therefore, assuming, without deciding, that the trial court did not hold a hearing in accordance with Article 64.04, any error did not harm Spencer.  *See Morrison*, 2007 WL 4171261, at *3; *Baggett*, 110 S.W.3d at 707.

We resolve Spencer's sole issue against him.  We affirm the trial court's findings.


/Ken Molberg//

KEN MOLBERG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47


181197f.u05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIE DAVIS SPENCER, Appellant

No. 05-18-01197-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F-9035572-H.
Opinion delivered by Justice Molberg.
Justices Bridges and Partida-Kipness
participating.

Based on the Court's opinion of this date, the findings of the trial court are **AFFIRMED**.


Judgment entered this 8th day of October, 2019.