

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00372-CR

BAOQUOC TRAN NGUYEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Criminal Court Number 6
Tarrant County, Texas
Trial Court No. 1546160; Honorable John Weeks, Presiding

April 15, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant, Baoquoc Tran Nguyen, appeals from his conviction by a jury of the misdemeanor offense of harassment[1] and the resulting sentence of confinement for 180 days in the Tarrant County jail and imposition of a $2,000 fine.[2] Appellant challenges his

---

[1] TEX. PENAL CODE ANN. § 42.07(a)(4) (West 2019).

[2] TEX. PENAL CODE ANN. § 42.07(c) (West 2019). As a Class B Misdemeanor, this offense is punishable by confinement in jail for a term not to exceed 180 days and a fine not to exceed $2,000. TEX. PENAL CODE ANN. § 12.22 (West 2019).

conviction through two issues.  Finding Appellant failed to preserve his issues for our review, we affirm the judgment of the trial court.

**BACKGROUND**

Appellant was charged with harassment of Darla Peevy, a Crowley Municipal Court Judge.  The State alleged he caused the telephone of Judge Peevy to ring repeatedly in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend Judge Peevy, by encouraging or directing other people to call her.

After he pleaded not guilty, Appellant was tried before a jury.  The State presented evidence to show that in May 2018, Appellant published a YouTube video concerning his disagreement with certain actions taken by Judge Darla Peevy.  On that day, a friend of Appellant's was arrested for contempt of court for recording court proceedings at the Crowley Municipal Courthouse.  Appellant recorded the arrest and placed the recording on his YouTube channel.  Appellant encouraged his followers to "call up here."  He instructed his followers to "Google it, Crowley City Hall," "Crowley Police Department," "Crowley City Hall," "Crowley Police Department."

Later that day, Appellant went to Judge Peevy's private law office.  He recorded himself standing outside her office and neighboring businesses.  He placed that recording on his YouTube channel as well, telling followers, "that is where the monster dwells, guys." Appellant showed on his channel the sign of Judge Peevy's office that showed her officer number and that of another business.  He also showed the signs of other nearby businesses.  He told his followers to call the surrounding businesses and "let them know what this monster has done to our friends."  He continued to encourage his followers to

2

call and while he did so, he read and responded to comments on his video in real time. He "live-streamed" hours of the videos. Within minutes of these live-stream videos, the municipal court, Judge Peevy's law office, Judge Peevy's chambers, and Judge Peevy's courtroom received a "massive amount" of telephone calls.

Following presentation of this evidence, the jury found Appellant guilty as charged and assessed punishment as noted. This appeal followed.

### ANALYSIS

Each of Appellant's two issues assert that Penal Code section 42.07, as applied to him, violates the protections of the First Amendment. The State argues Appellant failed to preserve his issues for appellate review. We agree.

To preserve error for appellate review, the Texas Rules of Appellate Procedure require that the record show that the objection "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." *Clark v. State,* 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (citing TEX. R. APP. P. 33.1(a)(1)(A)). The point of error on appeal must comport with the objection made at trial. *Id.* (citing *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986)). Appellate review of constitutional errors can be forfeited if a party fails to properly object to those errors at trial. *Id.* (citing *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990)).

Here, prior to trial, Appellant filed a pleading entitled *Motion for: Summary Dismissal With Prejudice.* As part of that motion, Appellant included a section with the heading "Unconstitutionality of Charging Statute." In that section, Appellant argued that

section 42.07 "is unconstitutional on its face or as-applied in the Instant Case because: The statute defendant is charged with violating fails to either state nor [sic] accomplish any compelling government objective. Any presumptive compelling government objective for the Charging Statute in this matter can be achieved by less violative means than those applied in the instant case." Appellant went on to say that enforcing the statute in this matter has a "chilling effect" on persons engaging in the behavior described in the arrest warrant affidavit. He also argued the statute is void for vagueness. At the hearing on his motion, Appellant said only that "the motion speaks for itself" and did not elaborate further. The trial court denied Appellant's motion. After ruling on the rest of Appellant's motions, the matter proceeded to trial.

We agree with the State that Appellant's *Motion for Summary Dismissal With Prejudice* does not contain sufficient specificity to have placed the trial court on notice of his complaint. While Appellant's motion includes some language that is seen in First Amendment case law, as he argues in his reply brief, he does not explicitly set forth his theory that section 42.07, as applied to him, violates the First Amendment to the United States Constitution. And, while Appellant said in his opening statement that "the vagueness of the harassment statute gives our local government the power to bring forth criminal charges for a First Amendment protected activity which is unconstitutional," we cannot say that statement made during opening remarks was sufficient to preserve his appellate issues. Therefore, we find Appellant has not preserved his appellate issues for our review. *See Sprayberry v. State,* No. 02-10-00315-CR, 2012 Tex. App. LEXIS 3303, at *8-9 (Tex. App.—Fort Worth April 26, 2012, pet. ref'd) (mem. op., not designated for publication) (finding the defendant failed to raise his constitutional guarantee of right of

4

free speech challenge in trial court and accordingly, forfeited his claim for review). *But see Flores v. State,* 245 S.W.3d 432, 442-44 (Tex. Crim. App. 2008) (Cochran, J., concurring) (noting that she would not reject a constitutional equal-protection claim on the basis that the claim was only raised in a pretrial motion).

Notwithstanding our conclusion that Appellant failed to preserve any perceived error in the constitutionality of section 42.07(a)(4) of the Texas Penal Code, as applied, Appellant's claim would not afford him any relief because the offense, as applied, does not prohibit or infringe upon Appellant's first amendment rights. This is so because the offense, as prosecuted, proscribes conduct (to-wit: causing the telephone of another to ring repeatedly, with intent that the repeated ringing would harass, annoy, alarm, abuse, torment, or embarrass another) that is "susceptible of application only to communicative conduct that invades the substantial privacy interests of another in an essentially intolerable manner." *Tarkington v. State,* No. 12-19-00078-CR, 2020 Tex. App. LEXIS 2254, at *6 (Tex. App.—Tyler Mar. 18, 2020, no pet. h.) (mem. op., not designated for publication) (citing *Scott v. State,* 322 S.W.3d 662, 669-70 (Tex. Crim. App. 2010)). As such, the penal statute, as applied, does not implicate the First Amendment's free speech guarantee and it does not infringe upon Appellant's right "to procure the assistance of others in petitioning the government . . . for a redress of grievances," nor does it prohibit him from "publish[ing] a statement that Appellant disagrees with the actions of a governmental officer . . . ." *Tarkington,* 2020 Tex. App. LEXIS 2254, at *6-7. Accordingly, Appellant has not shown a violation of his constitutional rights.

**CONCLUSION**

Because we have found Appellant has failed to preserve his issues for our review, we affirm the judgment of the trial court.

Patrick A. Pirtle
Justice

Do not publish.

Quinn, C.J., and Doss, J., concurring.