In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00076-CR


____________________



WILLIE JAMES MCCRAY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 07-01811






MEMORANDUM OPINION


 A jury convicted appellant Willie James McCray of intoxication manslaughter in the
death of Beaumont police officer Lisa Beaulieu, who was working at the scene of a traffic
accident when she was struck by a vehicle driven by McCray. The jury assessed punishment
at eleven years of confinement and a $5000 fine. McCray then filed this appeal, in which he
complains in two issues that error occurred when the State was permitted to comment on his
failure to testify. We affirm the trial court's judgment.

 In his first issue, McCray argues that "egregious" error occurred when the prosecutor
was allowed to comment on McCray's failure to testify. In his second issue, McCray
contends that fundamental error occurred when the State was allowed to engage in improper
jury argument by commenting on his failure to testify. We address issues one and two
together.

 The first instance of which McCray complains occurred during defense counsel's
cross-examination of the State's first witness, Christine Stelly, when the following exchange
transpired:

 Q. (By [defense counsel]) Now, after Mr. McCray's vehicle
collided with Officer Beaulieu, would it be correct that he told
you or asked you, when he got out of the car, "What happened? 
What happened?"


 A. Yes, that's correct.


 Q. Now, by asking you the question, "What happened? Tell me
what happened," it wouldn't seem at that very point he knew he
had - -


 [PROSECUTOR]: Objection, Your Honor. He's now speaking
for his client and avoiding him taking the witness stand.


 THE COURT: Sustained.


 [DEFENSE COUNSEL]: Your Honor, permission to approach?


 THE COURT: Yeah, you can approach.


 Sustain the objection.


 (Bench discussion)


 [DEFENSE COUNSEL]: Your Honor, for the record, I believe
the Court's order is specifically clear there will be no speaking
objections tolerated. He said I make this objection so my client
would not take the stand. Clearly that is a speaking, not a legal,
objection.


 THE COURT: What would be the proper objection whenever
you're asking - -


 [DEFENSE COUNSEL]: Objection - - side - bar.


 THE COURT: Don't talk while I'm talking. 


 The question is: If you put him the [sic] position to make an
objection because you're not asking proper questions or an
objection cannot be phrased in a legal manner, you put me on
the spot to say, yeah, that's the way it's going to be. So, move
forward. I want to tell you again you need to tread lightly.


 [PROSECUTOR]: May I inquire of the defense - - by that
question, are they waiving the Fifth Amendment privilege on
behalf of their client?


 [DEFENSE COUNSEL]: No.


 THE COURT: I mean, if you are, certainly you can get up there
and proffer what he's going to say.


 [DEFENSE COUNSEL]: No.


McCray's counsel did not object at trial on the grounds that the prosecutor's statements
constituted a comment on McCray's failure to testify; instead, counsel objected only that the
prosecutor's statements constituted a speaking objection. Therefore, McCray failed to
preserve his argument that these statements constituted an improper comment on his failure
to testify. See Tex. R. App. P. 33.1(a) (A timely and specific trial objection is a prerequisite
to presenting a complaint for appellate review.); Wilson v. State, 71 S.W.3d 346, 349 (Tex.
Crim. App. 2002); Bell v. State, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996); Goff v. State,
931 S.W.2d 537, 551 (Tex. Crim. App. 1996) (Grounds of objection raised on appeal must
comport with the objections made before the trial court.).

 The second statement by the prosecutor that McCray contends constituted an improper
comment on his failure to testify occurred during the State's closing argument, when the
prosecutor argued McCray failed to accept responsibility for his actions.

 The record reflects that defense counsel did not object to the prosecutor's closing
argument. Therefore, McCray has failed to preserve the issue for our review. See Tex. R.
App. P. 33.1(a); Wead v. State, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004) (Court of
Appeals erred in considering argument that the prosecutor's comment constituted a comment
on appellant's failure to testify because appellant "made no such argument in the trial
court."); Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) ("Before a defendant
will be permitted to complain on appeal about an erroneous jury argument . . . , he will have
to show he objected and pursued his objection to an adverse ruling."); see also Briggs v.
State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (Even constitutional errors may be 
waived by failure to object at trial.). Accordingly, we overrule McCray's issues and affirm
the trial court's judgment.

 AFFIRMED.



 

 STEVE McKEITHEN

 Chief Justice




Submitted on January 4, 2010

Opinion Delivered February 24, 2010

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.