Opinion issued July 1, 2010

 

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00303-CR

———————————

Norman Ray Baynes, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 178th District Court

Harris County, Texas



Trial Court Case No. 1169102

 



 

MEMORANDUM  OPINION

          A
jury convicted appellant, Norman Ray Baynes, of possession of cocaine, and the
trial court assessed punishment at five years in prison.  See
Tex. Health & Safety
Code Ann. §§ 481.102,
481.115 (Vernon 2003 & Supp. 2009).  Appellant
argues that the trial court erred in explaining proof beyond a reasonable doubt
during voir dire.  We affirm.

BACKGROUND

          Houston
Police Officer J. Oliver began following appellant after running the license plate
number of appellant’s car and receiving information concerning possible traffic
warrants.  Officer Oliver initiated a
traffic stop when he observed appellant failing to signal a turn.  Appellant pulled into a gas station and got
out of his car.  When Officer Oliver
approached appellant and asked for his identification, appellant briefly patted
his pockets and then fled, throwing down two pill bottles as the police got
closer.  Appellant was arrested, and the
police collected the pill bottles.  One
of the bottles contained 15.9 grams of crack cocaine and 2.5 grams of powder
cocaine, and the other contained Xanax.  

VOIR DIRE

          In his only issue on appeal,
appellant argues that the trial court erred when it explained “reasonable
doubt” during voir dire as follows:

Well, beyond a reasonable
doubt in the criminal case is more than [clear and convincing evidence] but
less than a hundred percent.  Let’s say
preponderance of the evidence is 51 percent. 
In my example let’s just say clear and convincing evidence is 75
percent.   So what’s beyond a reasonable
doubt?  Is somewhere past 75 percent but
below a hundred?

 

Well, there is no
definition.  Remember, no one can prove
anything to you beyond any doubt, beyond a shadow or beyond all doubt unless
you saw it.  If you did, then you would
be close to a hundred percent sure.

 

So, it’s up to you.  It’s something you have to decide based on
what you hear.  We used to have a
definition of “beyond a reasonable doubt” until a few years ago, but basically
what it means the bottom line is in your own mind what is the level of proof
that conveniences [sic] you beyond a reasonable doubt in your own mind that
something is true or not true, or a fact is not a fact.  

 

Citing Wansing v. Hargett, appellant argues that the
trial court’s voir dire comments on
reasonable doubt diminished the State’s burden of proof because they suggested,
as the Wansing court found the trial court
there to suggest, that there was “an extraordinarily broad range of possible
meanings [of reasonable doubt] including some which are plainly
unconstitutional . . . .”  341 F.3d 1207,
1214 (10th Cir. 2003). 
The State responds that error, if any, was waived because appellant did
not object to the trial court’s comments. 
Appellant replies that the comments undermined the presumption of
innocence by unconstitutionally lowering the State’s burden of proof and thus constituted
fundamental error that did not require an objection.



As
a general rule, trial counsel must object to preserve error, even if the error
or complained-of action is incurable or unconstitutional.  See,
e.g., Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996)
(incurable argument); Briggs v. State,
789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (constitutional violation).  However, an objection is not required for
fundamental error.  See Blue v. State, 41 S.W.3d 129, 132 (Tex. Crim. App. 2000). 
Appellant relies on Blue v. State in
support of his contention that the court’s comments were such error.  In Blue,
a plurality of the Court of Criminal Appeals held that a trial court’s comments
during voir dire that “tainted [the defendant’s] presumption of innocence in
front of the venire, were fundamental error of constitutional dimension and
required no objection.”  Id.
at 132.  The trial court apologized to the venire for
its long wait, explained that the delay had occurred because the defendant was
indecisive on whether to accept a plea bargain, and expressed its preference
that the defendant plead guilty.  Id.
at 130.  

Even
if Blue were precedential,[1]
it is distinguishable.  In Blue,
the trial court expressed its view regarding appellant’s guilt or decision to
go to trial.  No such tainting of the
presumption of innocence occurred in this case because the trial court’s
comments did not speak directly to the guilt or innocence of the
defendant.  

Nor
did these comments unconstitutionally lower the State’s burden of proof, which
appellant argues necessarily leads to a tainting of the presumption of
innocence, because the comments merely instructed the jurors to use their
common sense.  See Rogers v. State, 795 S.W. 2d 300, 306 (Tex. App.—Houston [1st
Dist.] 1990, pet. ref’d) (holding that trial
court’s comment that “the bottom line is going to be what beyond a reasonable
doubt is to you” was not error
because court was merely telling jurors to use their common sense). 
In Rogers, the trial court’s
instructions did not set out an affirmative definition of reasonable doubt, but
instead attempted to explain what reasonable doubt did not mean.  Id.  That is precisely what the trial court here
attempted to do with its percentage examples by demonstrating that reasonable
doubt does not simply mean 76% or greater. 
It also explicitly stated that no definition of reasonable doubt exists.  

The
trial court’s comments did not taint the defendant’s presumption of innocence, either
directly or indirectly, and were not fundamental error of a constitutional
dimension requiring no objection under Blue.  By failing to object to the trial court’s
comments on reasonable doubt, appellant thus waived error.  See Tex.
R. App. P. 33.1.

CONCLUSION

          We affirm
the judgment of the trial court.

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel consists
of Chief Justice Radack and Justices Bland and Sharp.  Justice Sharp, concurring.

 

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          A
plurality opinion is not binding precedent. 
See Murchison v. State,
93 S.W.3d 239, 262 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d).