

NUMBER 13-13-00564-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ERNEST D. NEWMAN,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

On appeal from the 24th District Court
of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria
Memorandum Opinion by Justice Longoria**

Appellant, Ernest D. Newman, was convicted by the trial court of felony driving while intoxicated (DWI) with two enhancements, making him a habitual felony offender. TEX. PENAL CODE ANN. § 12.425 (West, Westlaw through 2013 3d C.S.). Appellant appeals his forty year sentence on the basis of cruel and unusual punishment. U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. We affirm.

## I. BACKGROUND

On November 4, 2012, appellant was arrested for operating a motor vehicle in a public place while intoxicated. On March 21, 2013, appellant was indicted on one count of DWI. The indictment included two enhancement paragraphs for prior felony convictions. The first enhancement included three prior felony DWI convictions in 1979, 1980, and 1984, making appellant a habitual felony offender. The second enhancement was for an aggravated robbery conviction in 1989. Appellant pled true to the prior enhancement allegations.

The trial court sentenced appellant to forty years imprisonment and a one year driver's license suspension plus court costs. Appellant did not raise an objection to the sentence at trial. Appellant filed a motion for new trial on November 8, 2013, but the motion failed to assert the claim of cruel and unusual punishment.

## II. DISCUSSION

Appellant contends that the forty year sentence is cruel and unusual, and therefore unconstitutional. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. We affirm the trial court's judgment because appellant failed to make a timely objection to the sentence in the trial court and failed to raise the issue in a timely filed post-trial motion. *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).

In order to preserve error for appellate review, the complaining party must present a timely and specific objection to the trial court and obtain a ruling. TEX. R. APP. P. 33.1(a). Even constitutional errors may be waived by failure to object to them at trial. *Briggs*, 789 S.W.2d at 924. The Texas Court of Criminal Appeals in *Curry v. State*, overruled the appellant's objection to his death sentence brought on appeal because the appellant

2

failed to preserve error when he did not object to the sentence at trial. *Curry v.* State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995). The appellant never objected at trial concerning cruel and unusual punishment. *Id.* A party's failure to specifically object to an alleged disproportionate or cruel and unusual sentence in the trial court or by presenting a post-trial motion waives any error for the purposes of appellate review. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *see also Perez v. State*, No. 13-12-00521-CR, 2013 WL 1092045 (Tex. App.–Corpus Christi Mar. 14, 2013, no pet.) (mem. op., not designated for publication).

Here, like the appellant in *Curry*, appellant did not preserve his constitutional issue for our review. Furthermore, although appellant submitted a timely pro se motion for new trial, he failed to state the motion on grounds of a grossly disproportionate sentence. Therefore, appellant failed to preserve the issue by his post-trial motion. We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
26th day of June, 2014.