**AFFIRM; and Opinion Filed July 31, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00791-CR
### No. 05-14-00792-CR
### No. 05-14-00793-CR

**TADARRIAN ANTWOINE JOHNSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-59105-Q, F13-59106-Q, and F13-59536-Q**

## MEMORANDUM OPINION
Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Brown

After Tadarrian Antwoine Johnson pleaded guilty to the offenses of aggravated assault of a public servant, burglary of a building, and evading arrest without the benefit of plea agreements, the trial court assessed punishment at ten years' confinement in the aggravated assault case and ten months' confinement in each of the remaining cases. In two issues, appellant contends we must reverse and remand these cases for a new punishment hearing because the trial court's failure to remain a neutral and detached arbiter violated his due process rights under the United States and the Texas Constitutions. After reviewing the record, we conclude appellant did not preserve error regarding these complaints because he failed to object to the trial court's conduct. Thus, we overrule appellant's issues and affirm the trial court's judgments.

In two issues, appellant contends the trial judge actively participated in appellant's punishment hearing to the degree that (1) she abandoned her role as a neutral and detached arbiter, (2) her extensive cross-examination of appellant and numerous comments reflected a clear bias against appellant, and (3) her decision to "call her own witness to the stand" reflects the trial court's "clear intent to actively engage in the advocacy process" against appellant. According to appellant, this abandonment of the court's impartial role violated his constitutional rights to due process and due course of law under both the United States and Texas Constitutions. In making this argument, appellant acknowledges he failed to object but contends the pervasive and harmful nature of the questions and comments in this case constitute fundamental error and, therefore, an objection was not required to preserve error. After reviewing the record and the law, we cannot agree.

Most appellate complaints must be preserved by a timely request for relief at the trial level. *See* TEX. R. APP. P. 33.1, *Unkart v. State*, 400 S.W.3d 94, 98 (Tex. Crim. App. 2013), *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993). Even claims involving constitutional error, including claims that due process rights have been violated are waived by failing to object. *Hull v. State*, 67 S.W.3d 215, 218 (Tex. Crim. App. 2002); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). More particularly, this general rule applies to complaints regarding improper judicial comments, except when the judicial comments rise to the level of fundamental error. *See Unkart*, 400 S.W.3d at 99.

In *Marin*, the court of criminal appeals identified and defined three categories of rights belonging to litigants. *Marin*, 851 S.W.2d at 279. Appellant maintains the unique facts and circumstances in this case fall within the first of the three categories of rights defined in *Marin*. That category concerns "absolute requirements and prohibitions" or "systemic" rights "which are essentially independent of the litigant's wishes." *Sanchez v. State,* 120 S.W.3d 359, 366 (Tex.

Crim. App. 2003); *Marin*, 851 S.W.2d at 278. These absolute or fundamental rights are not subject to the preservation requirements of rule 33.1 *See Sanchez*, 120 S.W.2d at 366. The clearest cases of such rights are laws affecting the jurisdiction of the courts. *Id.*

In *Blue v. State*, 41 S.W.3d 129 (Tex. Crim. App. 2000) (plurality op.), the court of criminal appeals granted relief on an improper-judicial-comment complaint that was not preserved at trial. *See id.* at 133, 135. However, the court did not agree on a rationale for granting relief and, consequently, *Blue* is a plurality decision with no precedential value. *Unkart*, 400 S.W.3d at 100-101. Thus, the separate opinions in *Blue* may only be considered for any persuasive value they might have. *Id.* at 101. Because *Blue* concerned comments of the trial judge which tainted appellant's presumption of innocence in front of the venire, we conclude it is not persuasive in this case involving comments made at the punishment hearing before the trial court after appellant pleaded guilty to the offenses charged.

Here, appellant did not object to any of the numerous complained-of comments by the trial court or her conduct in calling a witness to the stand. When the trial court asked whether there was "any reason at law" why the sentences should not be formally imposed, appellant said, "No." Finally, although appellant filed motions for new trial in these cases, he did not contend his due process rights had been violated by the trial court's conduct and appellant did not file motions to recuse or in any way request a new punishment hearing.

Although we do not condone the level of the trial court's participation nor her demeanor during this punishment hearing, we disagree with appellant that the record demonstrates such unique circumstances that no objection was required. Because appellant failed to object at any time to the trial court's conduct in these cases, we conclude appellant has failed to preserve error for our review. We overrule appellant's issues.

Accordingly, we affirm the trial court's judgments in this case.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

140791F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TADARRIAN ANTWOINE JOHNSON,
Appellant

No. 05-14-00791-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1359105-Q.
Opinion delivered by Justice Brown. Justices
Bridges and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 31st day of July, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TADARRIAN ANTWOINE JOHNSON,
Appellant

No. 05-14-00792-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1359106-Q.
Opinion delivered by Justice Brown. Justices
Bridges and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 31st day of July, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TADARRIAN ANTWOINE JOHNSON,
Appellant

No. 05-14-00793-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1359536-Q.
Opinion delivered by Justice Brown. Justices
Bridges and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 31st day of July, 2015.