

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00262-CR

OVIDIU TUNAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 54th District Court
McLennan County, Texas
Trial Court No. 2012-18-C2, Honorable Matt Johnson, Presiding

July 19, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Ovidiu Tunas appeals his felony conviction by jury of two counts of indecency with a child[1] and the resulting sentences. Appellant presents three issues, contending the evidence was insufficient to support his convictions and the court erred by excluding evidence he offered. We disagree with appellant's contentions, and will affirm the court's judgment.

---

[1] TEX. PENAL CODE ANN. § 21.11 (West 2016).

## Background

By a January 2012 indictment, appellant was charged with four counts of aggravated sexual assault of a child and six counts of indecency with a child by contact. The indictment alleged B.B. was the victim of all ten offenses, and alleged they occurred on or about dates in May 2005. Appellant pleaded not guilty. The State abandoned two of the counts alleging indecency with a child. The jury acquitted appellant of all the sexual assault counts and two of the remaining indecency counts. Of the eight counts listed in the court's charge, the jury found him guilty of count III, which alleged he touched the victim's breast and count IV, which alleged he caused her to touch his genitals with her hand.

B.B., 23 years old at the time of trial, testified she moved to the United States with her family in 2005, when she was 13. Her family then stayed with appellant's family for a short period of time and B.B. became friends with appellant's daughter, Alexandra. B.B. testified one Saturday, she was at her family's apartment, cleaning. Appellant came to pick up her brothers to play with his son. Not long after, she testified, appellant reappeared, came up behind her and started "kissing on" her. He then picked her up, put her on the bed, and forced his fingers and penis inside her. She told the jury appellant "touched my breast too. I had a sports bra on, so he put his hand under my shirt and touched." During cross-examination, B.B. stated, "But I know he touched my breasts for sure with his hands."

B.B. testified to additional acts of indecency and sexual assault that occurred some two weeks later when she went to appellant's home for a sleepover with Alexandra. She testified that during the night, she woke up when appellant tried to put

2

his penis in her mouth. Appellant led B.B. to his bedroom. She told the jury appellant touched her vagina and then took her hand and moved it to his penis. Appellant then kissed B.B.'s breast and put his penis inside her.

After its verdicts, the jury heard punishment evidence. It then assessed punishment of ten years confinement for each count and a fine of $5,000 for count III. The court suspended appellant's sentences in favor of community supervision. The conditions of community supervision imposed included confinement in the county jail for 180 days.

Analysis

Sufficiency of the Evidence

In evaluating the sufficiency of the evidence supporting a conviction, our inquiry is "whether, after viewing the evidence in a light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Garcia v. State*, 367 S.W.3d 683, 686-87 (Tex. Crim. App. 2012) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). It is the role of the trier of fact to resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from the evidence. *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson,* 443 U.S. at 318-19). The trier of fact is the sole judge of the credibility of witnesses and the weight, if any, to be given to their testimony. *Garcia,* 367 S.W.3d at 686-87; *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). "When the trier of fact exercises its role of judging the credibility of witnesses, it can choose to believe all, some, or none of the testimony of a particular witness." *Jordan v. State*, No. 07-14-00440-CR, 2016 Tex. App. LEXIS 13691, at *12

3

(Tex. App.—Amarillo Dec. 22, 2016, no pet.) (mem. op., not designated for publication) (citing *Denman v. State,* 193 S.W.3d 129, 132 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd)).

To prove appellant committed indecency with a child, the State was required to establish that appellant engaged in sexual contact with the complainant, a child younger than seventeen. TEX. PENAL CODE ANN. § 21.11(a)(1). The Penal Code defines "sexual contact" as "any touching by a person, including touching through clothing, of the anus, breast or any part of the genitals of a child" or "any touching by any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person" "committed with the intent to arouse or gratify the sexual desire of any person[.]" TEX. PENAL CODE ANN. § 21.11(c). A complainant's testimony alone is sufficient to support a conviction for indecency with a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (providing that requirement that victim inform another person within one year does not apply to a victim under 17 at the time of the offense); *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978).

By his first appellate issue, appellant argues that the allegations of count III refer to events described in B.B.'s testimony as occurring at her family's apartment, and argues that her testimony did not clearly establish he touched her breast on that occasion. The State responds to the contrary, arguing B.B. explicitly told the jury appellant touched her breast with his hand as described in count III. After review of the record, we agree with the State. As we have noted, B.B. testified that at her family's apartment, in addition to other sexual contact, appellant "touched my breast too. I had a

sports bra on, so he put his hand under my shirt and touched." And she later stated, "But I know he touched my breasts for sure with his hands." [2]

Appellant likewise argues there is no evidence he caused contact between B.B.'s hand and his genitals. Here again, review of the record demonstrates the argument lacks merit. During her testimony describing appellant's actions when she went to his home for a sleepover with his daughter, Alexandra, B.B. said appellant "took my hand and moved the – for me to touch his penis. He moved my hand to his penis." Then asked "had he done that before on the first day," B.B. responded affirmatively. In the context of her testimony, the jury clearly would have understood "the first day" to refer to appellant's actions two weeks before at B.B.'s family's apartment.

Appellant's evidence contradicted B.B.'s testimony. B.B. testified she did not return to appellant's home after the second assault. Alexandra testified B.B. spent the night at her house more than ten times during 2005 and 2006. Each time, she slept on the outside of the bed and B.B. slept on the inside next to the wall. She told the jury if appellant had come into the room during the night, she would have known. She testified also that B.B. and her family came to her home for her birthday pool party in 2007. Appellant also testified, telling the jury he was a good friend of B.B.'s father and that B.B. was at his home many times. He agreed that sometime in 2007, his

---

[2] The counts alleging aggravated sexual assault of a child alleged B.B. was younger than fourteen years of age at the time of the assault. Evidence showed her fourteenth birthday occurred later in the summer of 2005, and appellant's brief makes reference to evidence that might show the offenses occurred after her birthday. B.B.'s fourteenth birthday is not pertinent to the sufficiency of the evidence supporting appellant's convictions. The counts of which appellant was found guilty, those alleging indecency with a child, alleged she was younger than seventeen years old. The State was not required to adduce proof B.B. was younger than fourteen at the time of the acts constituting indecency with a child.

relationship with B.B.'s father ended. But he denied being alone with B.B. and denied all sexual contact with B.B.

Viewing the evidence in the required light, we conclude a rational jury could have found beyond a reasonable doubt that appellant was guilty of indecency with a child. We overrule appellant's first issue.

Due Process Violation in Excluding Exhibits

By his second appellate issue, appellant contends the trial court violated his due process rights when it sustained the State's relevancy and Rule 403 objections to his proffer of five date-stamped photographs he offered to impeach B.B.'s testimony. In support of his due process argument, appellant cites two opinions of the Court of Criminal Appeals in habeas corpus proceedings. *Ex parte Robbins*, 360 S.W.3d 446, 459 (Tex. Crim. App. 2011) ("The Due Process Clause of the Fourteenth Amendment can be violated when the State uses false testimony to obtain a conviction, regardless of whether it does so knowingly or unknowingly"); *Ex parte Ghahremani*, 332 S.W.3d 470, 477-78 (Tex. Crim. App. 2011) (sufficient if witness's testimony gives trier of fact a false impression).

As noted, B.B. testified she did not go back to appellant's house after the May 2005 assaults. Alexandra testified B.B. spent the night numerous times during 2005 and 2006 and was at her home for her birthday party in 2007.

At a point in her testimony, Alexandra was shown eight photographs. She identified six of them as photographs she took of B.B. in her bedroom during 2006. Another, Alexandra identified as a photograph of herself; also apparently taken in her

6

room in 2006. Alexandra identified the eighth picture as a "selfie" she and B.B. took in July 2006, also apparently taken in her room. The six pictures she took of B.B., Alexandra agreed, "clearly and accurately depict [B.B.] at your home in 2006."

When appellant offered the eight pictures, the State raised relevance and Rule 403 objections to five of them. The three unobjected-to pictures included one of B.B. in Alexandra's room, the "selfie" of B.B. and Alexandra, and the picture of Alexandra. Each of the three photographs bears a date stamp in June or July 2006.

The excluded photographs of B.B. also bear date stamps in July 2006. Each of these pictures, however, depicts B.B. in a pose the trial court could have seen as provocative. In two of them, for example, B.B. is shown raising her t-shirt to expose her midriff; in another, she is shown removing her t-shirt over her swimsuit top.

Appellant argued at trial and again on appeal that the excluded photographs were relevant for impeachment purposes because they showed B.B. continued to have contact with appellant and his family after the dates on which she alleged he molested her and after times she claimed to have avoided contact with him. On appeal, appellant argues the exclusion of the photographs violated his constitutional due process rights, affecting his substantial rights because it prevented him from cross-examining and impeaching B.B. with tangible evidence.

The State argues appellant's constitutional argument presents nothing for our review because it was not raised in the trial court. We agree.

To preserve error for appellate review, a defendant must lodge a timely, specific objection. *See* TEX. R. APP. P. 33.1. Even constitutional error may be forfeited by

failure to raise the issue at trial. *Briggs v. State,* 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). When an appellant's trial objection does not comport with the issue he raises on appeal, his appellate complaint is not preserved for review. *Sorto v. State*, 173 S.W.3d 469, 476 (Tex. Crim. App. 2005); *see Smallwood v. State*, 471 S.W.3d 601, 611 (Tex. App.—Fort Worth 2015, no pet.) (declining to address constitutional complaints of exclusion of evidence on appeal when trial proffer spoke only of evidentiary basis for admission). At trial, appellant did not frame his complaint about the court's exclusion of his proffered evidence as a due process constitutional argument. His exchange with the court, quoted in his brief, contains no reference to constitutional rights. Rather, he argued only that B.B. left a false impression with the jury and he sought to use the excluded photographs to impeach her testimony. He did not preserve error on his constitutional point for our appellate review.

Moreover, when we review the trial court's ruling against the objection raised at trial, we find no abuse of discretion in the ruling. The photographs provide relevant evidence to impeach B.B.'s testimony, *see* Tex. R. Evid. 401, but relevant evidence may be excluded under rule 403. Tex. R. Evid. 403. Under a rule 403 analysis, the reviewing court must balance: "(1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or repeat evidence already admitted." *Casey*

8

*v. State,* 215 S.W.3d 870, 880 (Tex. Crim. App. 2007) (citing *Gigliobianco v. State,* 210 S.W.3d 637, 641 Tex. Crim. App. 2006)).

Of the factors to be balanced, we find most significant the proponent's need for the evidence balanced against the other considerations. The admitted photographs bear date stamps showing B.B. in appellant's home in June and July 2006, over a year after she said she last visited there. They depict her with appellant's daughter, under apparently happy circumstances. They supported appellant's assertions that, contrary to her testimony, B.B. was in his home after May 2005 and appeared happy to be there. The excluded photographs merely reiterated the same circumstance, that B.B. was in appellant's home with his daughter after the time B.B. testified she stopped going there. The trial court reasonably could have seen no great need for the admission of the additional photographs.

Also significant is the potential for the additional photographs to suggest a decision on an improper basis, and to distract the jury from the main issues. The difference in the excluded photographs is B.B.'s more provocative attire. Alexandra referred to them as "silly pictures," and appellant argued to the trial court that they merely depicted two teenaged girls acting as such. Nonetheless, we find the photographs admitted into evidence served appellant's purpose without the potential of inflaming, distracting or confusing the jury, or causing them to focus on B.B.'s conduct the pictures depict. For that reason also, the trial court did not abuse its discretion in refusing to admit the photographs.

We resolve appellant's second issue against him.

Confrontation Clause Violation in Excluding Exhibits

By his third issue, appellant contends the trial court, by the same ruling, violated his due process rights under the Confrontation Clause of the United States and Texas Constitutions. *See* U.S. CONST. AMEND. VI; TEX. CONST. art. I, § 10. The State contends appellant's third issue, like his second, is not preserved for our review. Claims of violation of the Confrontation Clause may be forfeited if not raised at trial. *Smith v. State*, 420 S.W.3d 207, 222 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) ("[g]eneral rules of preservation must be followed to preserve error on Confrontation Clause grounds") (citing *Parades v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) and *Reyna v. State*, 168 S.W.3d 173, 176-77 (Tex. Crim. App. 2005)). Here, appellant never objected to the court's exclusion of his proffered evidence on the grounds that such a ruling violated his Sixth Amendment right to confront the witnesses against him. Appellant has thus forfeited his complaint on that ground.

Appellant's last issue is overruled.

### Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.